**Harlow License**

*Robert W. Geigley,* for appellant.

*Oscar F. Spicer,* for Commonwealth.

MAC PHAIL, P. J., December 29, 1969.—This is an appeal from an order of the Secretary of Revenue suspending petitioner's operating privileges for one year. The reason or reasons for the suspension order are in dispute.

### FINDINGS OF FACT

1. Petitioner was operating a motor vehicle on June 11, 1968, in the Borough of Littlestown, Adams County, Pa.

2. On that date, petitioner was arrested for violating section 1010(a) of The Vehicle Code of April 29, 1959, P. L. 58, upon which charge he was found guilty by a justice of the peace after a hearing.

3. Subsequently, petitioner was notified by the Commissioner of Traffic Safety of his right to a hearing concerning the possible suspension or revocation of his operating privileges. The notice of hearing indicated that the reasons for suspension were "violation 1010(a), 624(6)" [sic].

4. Petitioner requested and was granted a bureau hearing.

5. Under date of August 1, 1969, petitioner was notified by the secretary that his operating privileges had been suspended for one year. On that notice, in the two columns identified as reasons for withdrawal there was an "x" in the block preceding the words "operating during suspension." In the second column on the notice after the printed word "section," there was typed "618(b) (2)." There was no "x" in the block preceding that language.

6. Petitioner was not arrested on June 11, 1968, for operating during suspension.

7. On June 11, 1968, petitioner had in his possession a Pennsylvania operator's license validated as of December 14, 1967, which license he exhibited to the arresting officer.

## DISCUSSION

As previously indicated, the sole question in this case is the reason for the suspension. Under section 618(b) (2), the secretary may suspend operating privileges where there has been a violation of The Vehicle Code. Here, it is admitted that defendant was convicted of following too closely behind another vehicle: section 1010(a). This would authorize a suspension order. However, it is unlikely that the secretary

would suspend petitioner's operating privileges for a term as long as one year for a minor violation of the code, but there would be nothing to prevent the secretary from doing so. It is possible that petitioner's prior record* entered into the secretary's judgment. If we had nothing more in this case than those facts, we would be compelled to deny the appeal, because it is not within our province to reduce the suspension period or to grant the appeal simply because we believe the suspension period is too long: Commonwealth v. Zeigler, 2 Adams 39 (1960).

In this case, however, we have the added fact that the action of the secretary appears to have been based partly or completely upon the erroneous premise that petitioner's operating privileges had either been revoked or were under suspension at the time of his arrest for violating section 1010(a). Although the records of the bureau introduced into evidence at this hearing indicate that petitioner's privileges were not restored after the secretary's action in 1961 and again in 1963, the fact is that petitioner did have in his possession a valid operator's license on the date in question. The Commonwealth does not contend that he obtained it illegally or by fraud or trick. It is possible that the Commonwealth's records are in error. It is also possible that a license was erroneously issued to petitioner; but, whatever the possibilities, the fact remains that petitioner did have a valid Pennsylvania operator's license in his possession when he was operating a vehicle on June 11, 1968. Certainly, he was justified in operating his vehicle if he had a valid license to do so. Therefore, there could be no evidence, other than the bureau's records, from

---

*The record introduced into evidence indicates that petition's privileges were suspended May 10, 1961, and revoked September 5, 1961, and again on July 8, 1963.

which the secretary could have concluded that petitioner was operating while his privileges were under suspension or after they had been revoked. As we have indicated, the facts contradict those records.

It has been held that fundamental concepts of fairness require that the Secretary of Revenue notify the licensee of the legal basis for a suspension order so as to apprise the licensee of the validity of the action taken: Kilmer Suspension, 10 Lebanon 344 (1965). In that case, notice of suspension was contrary to the actual facts and the court sustained the appeal while noting that there would be no prejudice to the secretary by reason of such action because the secretary would not thereby be precluded from further proceedings against the licensee. See also Gillis License, 44 D. & C. 2d 442 (1968).

In the present case, we cannot be certain of the basis for the secretary's order. We hold that the secretary's order cannot be affirmed upon an ambiguous record.

## ORDER OF COURT

And now, December 29, 1969, the appeal is sustained, and the order of the Secretary of Revenue suspending petitioner's operating privileges is reversed without prejudice to the secretary to institute other appropriate proceedings. Costs to be paid by the County of Adams.